McGREGOR W. SCOTT
United States Attorney
CHRISTOPHER S. HALES
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 3:19-CR-00006-DMC |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| CASEY NEIL HAIGHT, | DATE: April 14, 2020 |
| Defendant. | TIME: 11:00 a.m.<br>COURT: Hon. Dennis M. Cota |

This case was previously set for a Status Conference on April 14, 2020. On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1    Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
2    and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances
3    are excludable only if "the judge granted such continuance on the basis of his findings that the ends of
4    justice served by taking such action outweigh the best interest of the public and the defendant in a
5    speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets
6    forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice
7    served by the granting of such continuance outweigh the best interests of the public and the defendant in
8    a speedy trial." *Id.*

9    The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code
10   T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
11   natural disasters, or other emergencies, this Court has discretion to order a continuance in such
12   circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
13   following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court
14   recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United*
15   *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the
16   September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a
17   similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

18   In light of the societal context created by the foregoing, this Court should consider the following
19   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
20   justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date
21   for the [event]. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial
22   continuance must be "specifically limited in time").

23                                          **STIPULATION**

24   Plaintiff United States of America, by and through its counsel of record, and defendant, by and
25   through defendant's counsel of record, hereby stipulate as follows:

26       1.      By previous order, this matter was set for status on April 14, 2020.
27       2.      By this stipulation, defendant now moves to continue the status conference until June 16,
28   2020, and to exclude time between April 14, 2020, and June 16, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes investigative reports and related documents in electronic form. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) Counsel for defendant desires additional time because he was recently appointed to this case on January 13, 2020, and as such, needs additional time to meet with the client, review the history of this case and prepare for the sentencing hearing on an underlying case.

    c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d) The government does not object to the continuance.

    e) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because Counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed.

    f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 14, 2020 to June 16, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [reasonable time to prepare] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: March 23, 2020  McGREGOR W. SCOTT
United States Attorney

/s/ CHRISTOPHER S. HALES
CHRISTOPHER S. HALES
Assistant United States Attorney

Dated: March 23, 2020  /s/ JEROME PRICE
JEROME PRICE
Assistant Federal Defender
Counsel for Defendant
CASEY NEIL HAIGHT

## [PROPOSED] FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 24th day of March , 2020.

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE